**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0937n.06
Filed: December 29, 2006

**05-2690**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RALPH STEGALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| GALE STEGALL, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Plaintiff-Appellant, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT AUDETTE, JEFF BELLOMO, | ) | |
| JEREMY CHANNELLS, DANIEL EMERY, | ) | |
| ANNE MOTT, DEAN MUCZYNSKI, RAY | ) | |
| SOTO, Jointly and Severally and in their | ) | |
| Individual Capacities; CITY OF DETROIT, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges, and RESTANI,* Judge.

**RESTANI, Judge.** Plaintiff-Appellant Gale Stegall ("Stegall") filed suit against officer

Anne Mott ("Mott") of the Detroit Police Department, claiming that Mott used excessive force

against her in violation of 42 U.S.C. § 1983 (2000). The district court granted summary judgment

for Mott, finding that Stegall failed to present a genuine issue as to whether Mott attacked her.

Stegall appeals, claiming that the district court ignored evidence from which a jury could have

---

*The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

reasonably inferred that Mott was Stegall's assailant. We find that Stegall has not demonstrated the existence of a genuine issue of material fact, and therefore affirm the district court's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 19, 2002, several Detroit police officers engaged in a high-speed pursuit of an allegedly stolen car occupied by Ralph Stegall Jr., son of Gale and Ralph Stegall Sr. (the "Stegalls"). The pursuit ended when Ralph Stegall Jr. was apprehended in a yard outside his parents' home. Noting the commotion in their yard, the Stegalls went outside to inquire why their son was under arrest. The Stegalls claim that when Ralph Stegall Sr. approached the officers, they ordered him to drop to the ground, but, before he had time to react, he was thrown down, kicked, and sprayed with pepper spray. The Stegalls also claim that Mott pushed Gale Stegall against a car, choked her, and sprayed pepper spray into her face and eyes.

The Stegalls jointly filed suit against the City of Detroit and police officers Robert Audette, Jeff Bellomo, Jeremy Channells, Daniel Emery, Anne Mott, Dean Muczynski, and Ray Soto ("Defendants"), alleging that Defendants used unreasonable and excessive force against them in violation of their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. On July 7, 2005, the district court granted Defendants' motion for summary judgment with respect to all claims made by Gale Stegall. The court noted that the Stegalls' Amended Complaint specifically alleged that it was Mott who attacked Stegall, and that they did not bring any claims against an unknown "Jane Doe" officer. *Stegall v. Audette*, No. 04-70972, 2005 WL 2038545, at *6 (E.D.

05-2690
*Stegall, et al. v. Audette, et al.*

Mich. July 7, 2005). The court found that Stegall was "unable to show any plausible evidence that any named Defendant used excessive force against her." *Id.*[1] Stegall appeals the district court's order granting summary judgment in favor of Mott.

## DISCUSSION

### A. Jurisdiction and Standard of Review

The district court had jurisdiction pursuant to 28 U.S.C. § 1331 (2000). We have jurisdiction to review a final order granting summary judgment pursuant to 28 U.S.C. § 1291. We review a district court's order granting summary judgment *de novo*, applying the same standard as the district court. *Alkire v. Irving*, 330 F.3d 802, 809 (6th Cir. 2003).

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On summary judgment, Mott, as the moving party, initially bears the burden to identify the portions of the evidence that she "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If Mott meets

[1]The district court denied the Defendants' motion for summary judgment with respect to some of the claims asserted by Ralph Stegall Sr. against officers Muczynski, Soto, and Emery. Since then, Ralph Stegall Sr. has stipulated to a dismissal of his claims against Muczynski, Soto, and Emery, with prejudice. Gale Stegall appeals only the district court's order granting summary judgment in favor of officer Mott against her particular claims.

this burden, Stegall then bears the burden of presenting evidence sufficient to avoid summary judgment.

To carry her burden, Stegall must present more than the "'mere existence of a scintilla of evidence'" supporting her position; rather, "'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). We resolve all credibility determinations in favor of Stegall, and draw all reasonable inferences in her favor. *Adams v. Metiva*, 31 F.3d 375, 379, 382 (6th Cir. 1994). Nevertheless, we are not obliged to accept implausible inferences from circumstantial evidence. *Id.* at 382 ("We agree with the Ninth Circuit that the Supreme Court in *Matsushita* [*Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)], authorized 'an inquiry on summary judgment into the implausibility of inferences from circumstantial evidence . . . .'") (quoting *McLaughlin v. Liu*, 849 F.2d 1205, 1207 (9th Cir. 1988)). If we determine that the evidence "is so one-sided that one party must prevail as a matter of law," the district court's decision to grant summary judgment will be affirmed. *Anderson*, 477 U.S. at 251–52.

05-2690
*Stegall, et al. v. Audette, et al.*

**B. The Evidence on the Record Fails to Raise a Genuine Issue of Material Fact as to Whether Mott Used Excessive Force Against Stegall**

Stegall's Amended Complaint alleges that Mott "pushed [her] against a car parked in the driveway, sprayed pepper spray into her face and eyes, and chocked [sic] her by placing her hands around [her] neck." J.A. at 58 (Am. Compl. ¶ 20.) Mott moved for summary judgment, arguing that no jury could find, based on the evidence in the record, that she was Stegall's assailant. Mott points to a complaint Stegall filed with the Detroit Police Department that states that she was attacked by an officer who left the scene in a car marked with the word "tactical" and the number "003419."[2] Mott has produced an activity log, dated June 19, 2002, showing that she was assigned to a scout car marked "003297," and that she and her partner, Daniel Emery, took Ralph Stegall Sr. and Ralph Stegall Jr. to the precinct after they were arrested. The contents of the report are confirmed in part by the testimony of Ralph Stegall Sr., who stated in his deposition that a female and male officer were in the car that took him to the police department. J.A. at 183 (Ralph Stegall Sr. Dep. 33:16–18, Feb. 11, 2003). We find that Mott's presentation meets her burden of pointing out an absence of evidence on the record to support an essential element of Stegall's claims. The burden therefore shifts to Stegall, who must present evidence that would allow a reasonable jury to find that Mott did attack her, despite the contrary evidence on the record.

In response, Stegall has failed to submit any direct evidence identifying Mott as her assailant. In the absence of direct evidence, Stegall claims that summary judgment must be denied on the basis

---

[2]Gale Stegall has stated that she is legally blind, but for purposes of this appeal we accept her testimony as to the car she observed.

of two inferences from circumstantial evidence: first, that Mott was the only female officer present at the scene; and second, that, if Mott was the only female officer present, she must have been the officer who attacked Stegall. In support of this theory, Stegall points to the Defendants' responses to her interrogatories and document requests. When asked to identify each officer present at the scene of the incident, Defendants replied: "Named defendants with the exception of Defendant Audette." J.A. at 223. When asked to produce "all activity logs prepared in relation to the incident," Defendants produced activity logs prepared for Channells and Bellomo, Emery and Mott, and Soto and Muczynski, claiming that "Defendants have no other activity logs in their possession." J.A. at 223. Because all of the other named defendants are male, Stegall claims that a jury could infer that Mott was the only female officer at the scene, and therefore infer that Mott must have been Stegall's assailant.

Stegall's proposed inference is undermined by her own testimony. At her deposition, Stegall described the attack she suffered in the following way:

> And all of the sudden she just pushed me up against the car and took her right hand and started choking me and macing me in my eye, and I started crying and screaming. And I couldn't get it out to stop, you choking me for nothing. . . . And the *other officer, she* was standing right there looking at her, and *she* didn't say stop doing that or nothing.

J.A. at 200 (Gale Stegall Dep. 21:2–8, Feb. 11, 2003) (emphasis added). Stegall's use of the word "she" in the second sentence shows that she was aware of at least one additional female officer at the scene of the incident. Stegall's complaint to the police department also states that there were

approximately "10 officers at her home in the driveway." J.A. at 220. Because there are only six named defendants admitted to have been at the scene, this further suggests that other officers were present. Even viewing this evidence in the light most favorable to her, Stegall's own testimony and her complaint to the police contradict the inference she would ask the jury to draw. We are not required to allow a case to go to trial on account of an implausible inference based on circumstantial evidence, *see Adams*, 31 F.3d at 382, or where the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. Consequently, we find that no reasonable jury could infer from the evidence on the record that Mott attacked Stegall.

**CONCLUSION**

Accordingly, we AFFIRM the order of the district court awarding summary judgment to Mott.