**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0157n.06
Filed: March 20, 2008

**No. 07-1274**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT EUBANKS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ADAM BAYLIS, INDIVIDUALLY, and THE | ) | THE WESTERN DISTRICT OF |
| CITY OF GRAND RAPIDS, MICHIGAN, | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER, CLAY, and COOK, Circuit Judges.

**SILER, Circuit Judge.** Robert Eubanks appeals the district court's grant of summary judgment in favor of Adam Baylis and the City of Grand Rapids (collectively "Defendants") on all claims. Eubanks brought claims under 42 U.S.C. §§ 1983 and 1985 and state law based on an alleged incident where Baylis, a Grand Rapids police officer, pointed his weapon at Eubanks's head after finding that Eubanks's car was blocking a driveway. The district court granted Defendants summary judgment after finding that there was no evidence that Baylis was at the scene. We affirm the grant of summary judgment in favor of Defendants on Eubanks's § 1985 conspiracy claim, and reverse the grant of summary judgment in favor of Defendants on all other claims and remand for further proceedings.

**BACKGROUND**

Eubanks was a Kent County law enforcement officer. According to him, he left his car in a position blocking a driveway on Union Street in Grand Rapids while visiting the home of retired deputy sheriff Charles Assenco on September 16, 2002. He left Assenco's residence and walked toward his vehicle in the dark around 9:30 p.m. He saw a police officer shining his lights on several residences. As Eubanks approached his vehicle, the officer pulled up and boxed his car in position.

Eubanks alleged that the officer exited his vehicle with his gun drawn and pointed it at him. He recognized the officer as Baylis based on his name tag and from the times when Baylis would bring inmates to the Kent County Sheriff's Department, where Eubanks occasionally handled intake duty. Baylis told Eubanks that someone had called in complaining about a car blocking a driveway at a residence in the area. With his gun drawn and trained on Eubanks, Baylis asked him for his identification and registration. Eubanks identified himself as a deputy sheriff. Baylis held the gun close to his head and demanded that he retrieve identification from his car. Baylis held the gun on Eubanks while he opened the car, picked up his wallet, and showed Baylis his identification badge. After seeing the badge, Baylis told Eubanks never to block a driveway again, holstered his gun, and drove away.

Eubanks complained to police internal affairs. Thereafter, Sergeant Charlotte Mason conducted an investigation into the alleged incident and determined that pay records for the department showed that Baylis was not on duty and was not paid for work on September 16, the night of the alleged incident. She also found that the record of radio traffic did not show any parking calls for the relevant time and place.

Eubanks filed a complaint, alleging that Baylis violated his Fourth, Fifth, and Fourteenth Amendment rights by applying excessive force. He alleged that the same rights were violated by the

City of Grand Rapids because it had a custom, policy, and practice of failing to discipline, train, screen, supervise, transfer, counsel, or otherwise direct or control its police officers. He also claimed a conspiracy to deprive him of his civil rights, pursuant to § 1985, based on Defendants' alleged conspiracy to cover up Baylis's actions. He included state law claims of gross negligence and intentional infliction of emotional distress.

The district court granted Defendants' motion for summary judgment and dismissed all of Eubanks's claims with prejudice. It concluded that Baylis could not have committed any misconduct on September 16 based on two key findings. First, Baylis could not have been on duty that night based on police records. Second, radio traffic did not indicate any parking complaint calls at the relevant time and place.

**ANALYSIS**

We review a district court's grant of summary judgment de novo. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). We "must assume the truth of the non-moving party's evidence and construe all inferences from that evidence in the light most favorable to the non-moving party." *Id*.

*§ 1983 Excessive Force Claim and State Law Claims*

The district court erred by granting summary judgment in favor of Defendants on Baylis's § 1983 excessive force claim and his state law claims. The district court concluded that police time sheets showed that Baylis was not working on the night of Monday, September 16, because there was an X next to his name on the time sheet. Additionally, evidence in the record showed that Baylis normally did not work on Mondays. However, he worked on Monday, September 23, a week after the alleged incident, as indicated by overtime sheets, and there was an X next to his name on the time

sheet for that night. Therefore, the fact that he normally did not work on Mondays and the X entry on the time sheet are not conclusive proof that he was off duty on September 16.

There is a genuine issue of material fact as to whether there was a call to the police regarding a car blocking a driveway at the relevant time and place. The district court concluded that the record of radio traffic did not show any relevant calls, and cited this fact in support of its conclusion that Baylis could not have applied excessive force to Eubanks on the night in question. Sergeant Mason reviewed dispatch tapes for September 16, 2002, from 10:00 p.m. until 12:00 a.m. and found no evidence of a parking complaint near Union Avenue, where Assenco lived. However, Eubanks's complaint stated that the incident occurred "at approximately 9:30 p.m." Therefore, Sergeant Mason did not review all of the dispatch tapes within the relevant time frame.

Grand Rapids Chief of Police Harry Dolan sent a letter to Eubanks stating that "[t]here was one parking complaint at 2146 [9:46 p.m.]- a female caller called about a vehicle blocking at 428 Union, SE." Eubanks had left his car nearby while visiting Assenco's residence at 532 Union, SE. While Dolan's letter reasserted that there was no air traffic from an officer responding to a complaint on Union Avenue, it admitted that there was a call to the police about a car blocking a driveway in the area. Sergeant Mason's investigatory notes confirm the existence of this call. The 500 block of Union Avenue was within Baylis's assigned patrol area.

Because it is possible that Baylis was on patrol in the area on September 16, Eubanks's affidavit is sufficient to create a genuine issue of material fact precluding summary judgment. His affidavit was on file with the district court at the time of the summary judgment motion. Eubanks provided consistent and plausible details of the alleged altercation, thus distinguishing this case from *Stegall v. Audette*, 212 Fed. App'x 402 (6th Cir. 2006) (affirming summary judgment in favor of an

officer after the plaintiff identified her car as marked tactical 003419 when her car was marked 003297). Viewed in the light most favorable to Eubanks, his affidavit created a genuine issue of material fact that precludes summary judgment.

### § 1983 Claim Against City of Grand Rapids

Eubanks submitted evidence to create a genuine issue of material fact on his claim against the City of Grand Rapids. He alleged that the City of Grand Rapids had an unconstitutional custom or practice of failing to discipline, train, and screen its police officers, which contributed to the unconstitutional actions of Baylis. Because the district court did not address this argument directly and granted summary judgment in favor of Defendants on all claims, reasoning that Baylis could not have been involved in the alleged incident, we remand this claim for further consideration.

### § 1985 Conspiracy Claim

Eubanks alleged in his complaint that Baylis and his coworkers at the Grand Rapids Police Department conspired to obstruct justice and to deprive Eubanks of his constitutional rights in violation of 42 U.S.C. § 1985. However, he failed to point to any evidence that would create a genuine issue of material fact that would support this claim of a conspiracy. We affirm the district court's grant of summary judgment to Defendants on this claim.

### Unknown Officer

We need not address extensively the district court's conclusion that Eubanks's claims fail because an unknown officer accosted him. Eubanks has consistently and unequivocally alleged that Baylis was the officer who held the gun to his head. He identified Baylis as the officer who accosted him based on seeing Baylis's name tag that night and from his previous acquaintance with Baylis.

His § 1983 claim and his state law claims turn on the fact finder's resolution of the allegation that it was Officer Baylis who accosted him. He has never alleged that an unknown officer was involved.

**CONCLUSION**

We AFFIRM the district court's grant of summary judgment in favor of Defendants on Eubanks's § 1985 conspiracy claim. We REVERSE the grant of summary judgment in favor of Defendants on all other claims and REMAND to the district court for further proceedings consistent with this opinion.